UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HANS MEIER and SUSAN MEIER,         No. 2:10-cv-01026-MCE-GGH

      Plaintiffs,

  v.                                  **MEMORANDUM AND ORDER**

MIDWEST RECREATIONAL
CLEARINGHOUSE, LLC, and DOES 1
through 20, inclusive,

      Defendants.

----oo0oo----

Through the present action, Hans and Susan Meier ("Plaintiffs") seek damages for violations of California law arising out of their online purchase of a recreational vehicle ("RV") from Midwest Recreational Clearinghouse ("Defendant"). Presently before the Court is Defendant's Motion to Dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).[1]  For the reasons set forth below, Defendant's Motion to Dismiss for improper venue will be granted.

---

[1] Unless otherwise noted, all further references to Rule or Rules are to the Federal Rules of Civil Procedure.

1

**BACKGROUND**[2]

Defendant, a Minnesota company, runs an online auction site called www.crankyape.com. In February, 2009, Plaintiffs accessed said website and submitted the winning bid for a 2005 National Tropical T399 recreational vehicle ("RV").

In order to bid on a vehicle through crankyape.com, a user must agree to specified terms and conditions. (Decl. Susan Meier No. 4.) Contained within those terms and conditions is a forum selection clause, pursuant to which the user consents to "the exclusive jurisdiction and venue of courts in Washington County, Minnesota, U.S.A., in all disputes arising out of or related to the use of CrankyApe.com." (Def.'s Mot. Dismiss 2.) By checking the required box and using the site, Plaintiffs agreed to this forum selection clause, although Plaintiff contends that she did not notice or understand the import of the clause. (Decl. Susan Meier No. 4.)

According to Plaintiffs, the RV they purchased was advertised as having a "few small scratches on the exterior" in addition to a broken passenger headlight. After picking up the RV, Plaintiffs claim they discovered more significant problems. The RV shook persistently, and when Plaintiffs took the RV to a service center, they were told that the engine needed to be replaced. Plaintiffs and Defendant have settled as to the replacement of the engine.

///

---

[2] The factual assertions in this section are based on the allegations in Plaintiffs' complaint unless otherwise specified.

Plaintiffs nonetheless seek compensation through the present lawsuit for other defects to the RV as well as damages for, <u>inter alia</u>, fraud and breach of contract.[3]

Defendant does not confirm or deny these facts. Rather, Defendant seeks to dismiss the present action pursuant to Rule 12(b)(3) because Plaintiffs have filed suit in California, not Minnesota, contrary to the forum selection clause. Plaintiffs argue that the agreement containing the forum selection clause is a contract of adhesion and as such is unenforceable.

**STANDARD**

Rule 12(b)(3) and 28 U.S.C. § 1406(a) authorize the Court to dismiss an action on grounds that venue is improper. Plaintiffs have the burden of proof to show that venue is proper in this district. <u>Piedmont Label Co. v. Sun Garden Packing Co.</u>, 598 F.2d 491, 496 (9th Cir. 1979); <u>Hope v. Otis Elevator Co.</u>, 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005). A motion to dismiss under Rule 12(b)(3) is the proper means to enforce a contractual forum-selection clause. <u>Argueta v. Banco Mexicano, S.A.</u>, 87 F.3d 320, 324 (9th Cir. 1996).

---

[3] Defendant has requested that the Court judicially notice the following documents: Plaintiffs' Complaint filed in the Superior Court of California, County of Solano; the Bill of Sale for and description of the RV in question; letter from Plaintiffs' counsel to Defendant's counsel detailing the complaints against Defendant and including an itemized list of expenses for repair to the RV; and the Findings of Fact, Conclusions of Law, and Order for Permanent Injunction issued by the State of Minnesota District Court in Washington County. These requests are unopposed and will be granted.

3

1    Unlike a motion to dismiss for failure to state a viable
2 claim under Rule 12(b)(6), on a motion for improper venue under
3 Rule 12(b)(3) "the pleadings need not be accepted as true and the
4 court may consider supplemental written materials and consider
5 facts outside the pleadings" in its adjudication.  <u>Kelly v.
6 Qualitest Pharm, Inc.</u>, 2006 WL 2536627 at *7 (E.D. Cal. 2006)
7 (citing <u>Murphy v. Scheider Nat'l, Inc.</u>, 362 F.3d 1133, 1137 (9th
8 Cir. 2004).
9    The decision to dismiss for improper venue, or alternatively
10 to transfer venue to a proper court, is a matter within the sound
11 discretion of the district court.  <u>Cook v. Fox</u>, 537 F.2d 370, 371
12 (9th Cir. 1976).

**ANALYSIS**

16    Forum-selection clauses are "prima facie valid" and will be
17 enforced unless shown to be "unreasonable under the
18 circumstances.  <u>Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 10
19 (1972) (internal quotation omitted).  This "unreasonable"
20 exception should be narrowly construed.  <u>Argueta</u>, 87 F.3d at 325.
21 A forum-selection clause is unreasonable if "its incorporation
22 into the contract was the result of fraud, undue influence, or
23 overwhelming bargaining power."  <u>Id</u>. at 325 (internal citations
24 omitted).  The fact that a forum-selection clause is contained
25 within a so-called "clickwrap agreement," whereby a user accepts
26 a website's terms and conditions, does not in and of itself
27 render the clause invalid.  Such agreements "have routinely been
28 upheld by circuit and district courts."

4

1  United States v. Drew, 259 F.R.D. 449, 462 (C.D. Cal. 2009)
2  (citing Burcham v. Expedia, Inc., 2009 WL 586513, *2-3 (E.D. Mo.
3  2009).
4       In Bremen, the Supreme Court upheld a forum-selection clause
5  that was the product of an arms-length negotiation between two
6  commercial entities.  Bremen, 407 U.S. at 2.  The Court
7  subsequently applied this analysis to form contracts between
8  consumers and businesses in its seminal decision, Carnival Cruise
9  Lines v. Shute, 499 U.S. 585 (1991).  At issue in Carnival Cruise
10 was a forum-selection clause on the back of a cruise ticket
11 purchased by a consumer who was later injured onboard.  Carnival
12 Cruise, 499 U.S. at 587. The Carnival Cruise court considered
13 several factors in weighing the legality of forum-selection
14 clauses.  First, it found that cruise companies have a "special
15 interest" in limiting the fora where they could be subject to
16 suit.  Id. at 593.  Second, forum-selection clauses eliminate the
17 need for pretrial motions to determine venue and thereby limit
18 costs and conserve judicial resources.  Id. at 594.  Third,
19 customers presumably benefit from the reduced prices that a
20 company can offer by limiting the fora in which it could be
21 subjected to suit.  Id. at 594.
22      The Supreme Court rejected the lower court's finding that
23 the plaintiffs were "physically and financially incapable of
24 pursuing [their] litigation in Florida."  Id. at 594.  The Court
25 found that the plaintiffs had not met the "heavy burden of proof
26 required to set aside the clause on grounds of inconvenience."
27 Id. at 595 (internal citation omitted).
28 ///

5

1  It further rejected the lower court's "determination that a
2  nonnegotiated forum-selection clause in a form ticket contract is
3  never enforceable simply because it is not the subject of
4  bargaining." Id. at 593.  Rather, according to the Court, such
5  clauses "are subject to judicial scrutiny for fundamental
6  fairness." Id. at 594.  The Court found that a forum-selection
7  clause could only be invalidated on a showing of a "bad faith
8  motive" whereby the forum was chosen "as a means of discouraging
9  [parties] from pursuing legitimate claims." Id. at 595.  The
10 Court determined that because the forum specified in the clause,
11 Florida, was the principal place of business for the petitioner
12 and that many cruises departed from that location, evidence of
13 such bad-faith motive was lacking.
14     Plaintiffs in the present action argue that they are not
15 bound by the forum-selection clause included in the terms and
16 conditions of Defendant's website.  They argue that the terms
17 were not freely bargained for and that complying with the forum-
18 selection clause would effectively deprive them of their day in
19 court.  Unfortunately for Plaintiffs, the weight of authority
20 renders their position untenable.
21     Defendant operates a website accessible anywhere in the
22 world, and like the defendant cruise company in Carnival Cruise,
23 a dispute over any given transaction could pull Defendant into
24 court in a multitude of potential fora.  Both parties to the
25 present action have an interest in limiting the costs associated
26 with litigation, which forum-selection clauses help to do by
27 reducing pretrial motions.
28 ///

6

Finally, Defendant here, like Carnival Cruise Lines, is presumably able to pass on to its customers the reduction in costs the forum-selection clause provides, and Plaintiffs were the beneficiaries of this reduction in price.

There is no discernible bad-faith motive sufficient to invalidate the forum-selection clause in the present case. Defendant has its principal place of operation in Minnesota, the forum specified in its website's terms of use.  There is no evidence that Defendant chose this forum to prevent parties from pursuing legitimate claims.  The present action could be brought in Minnesota, and while Plaintiffs claim that doing so is unfeasible, this does not rise to the level of difficulty and inconvenience that would deprive them of their day in court. Minnesota is not a foreign forum, and pursuing a lawsuit in another state is not per se unreasonable.  See Fireman's Fund Ins. Co. V. M/V DSR Atlantic, 131 F.3d 1336, 1338 (9th Cir. 1998) (litigating in Korea, though a "serious inconvenience," was not sufficient to invalidate a forum-selection clause).  See also Koresko v. RealNetworks, Inc., 291 F. Supp. 2d 1157 (E.D. Cal. 2003) (clause requiring plaintiff to bring suit in Washington State upheld).  In the absence of a bad-faith motive behind the forum-selection clause, and because Plaintiffs are not constructively barred from pursuing their claims elsewhere, the forum-selection clause at issue is valid and binding.

The Court notes that neither Defendant nor Plaintiff has moved to transfer the present action to another venue. Accordingly, Defendant's Motion to Dismiss is granted without prejudice.

**CONCLUSION**

Based on the foregoing, Defendant's Motion to Dismiss for Improper Venue (Docket No. 12) is GRANTED.[4]

IT IS SO ORDERED.

Dated: July 9, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

8